# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALVIN WATTS, III**                                            **CIVIL ACTION**

**VERSUS**

                                                   **20-196-SDD-RLB**

**ROBERT POURCIAU, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

                                                           **RICHARD L. BOURGEOIS, JR.**
                                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN WATTS, III                                                                  CIVIL ACTION

VERSUS

                                      20-196-SDD-RLB

ROBERT POURCIAU, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined as a pretrial detainee at the West Baton Rouge Parish Detention Center, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Robert Pourciau, Corey Hicks, Dr. Phillip Padget, and Rhonda Alleman, complaining that his constitutional rights have been violated due to deliberate indifference to his health and safety. The plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the

veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

In his Complaint, as amended, the plaintiff alleges that on January 27, 2019 he slipped and fell in water in his cell that came from a leaking toilet in another cell. Defendants Hicks and Pourciau had been previously notified of the water leak by two other inmates but failed to shut off the water or move the inmates to different cells. The plaintiff was examined by defendant Dr. Padgett, an x-ray was taken, and the plaintiff was prescribed Ibuprofen and Cyclobenzaprine (a muscle relaxant). The plaintiff's x-ray was normal and his request for an ultrasound was denied. The plaintiff still suffers from back and neck pain.

The plaintiff filed three grievances regarding the slip and fall. Defendants Hicks and Pourciau closed one of the plaintiff's grievances and stated that he was examined by medical and was okay. Defendant Alleman failed to respond to one or more of the plaintiff's grievances.

A jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment whereas, upon conviction, such treatment is evaluated under the Eighth Amendment's prohibition against cruel and unusual punishment. The Due Process Clause protects the detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish,* 441 U.S. 520, 535–36.

The appropriate standard to apply in analyzing a constitutional challenge by a pretrial detainee depends upon whether the challenge is an attack on a condition of confinement or a complaint about one or more episodic acts or omissions. *Hare v. City of Corinth,* 74 F.3d 633, 643

(5th Cir. 1996). A conditions-of-confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement." *Id.* In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement. *Cf., Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997). In contrast to the foregoing, if a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic act or omission" case. *Id.* An episodic case is presented when the decision of an independent actor, such as a doctor or nurse, is interposed between the detainee and the policy or practice of the local governmental entity that permitted the harm. *Hare v. City of Corinth, supra,* 74 F.3d at 643.

In an episodic act or omission case, the detainee must establish that the official had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk. *Id.* The deliberate indifference standard is notably the same standard that is applicable in the Eighth Amendment context. *Id.* at 643–44. In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id*.

In the Court's view, the plaintiff's claims should be analyzed under the standard which is applicable to episodic claims. With regards to defendants Hick and Pourciau, the plaintiffs allegations that these defendants knew about the leaking toilet and failed to take action, at most, alleges a claim of negligence which is not actionable under 42 U.S.C. § 1983. *See Noble v. Grimes,* 350 F. App'x. 892, 893 (5th Cir. 2009) (affirming dismissal as frivolous of prisoner § 1983 claim that defendant was deliberately indifferent by failing to correct slippery shower floor); *Beasley v.*

*Anderson,* 67 F. App'x. 242, 242 (5th Cir. 2003) (same); *Mack v. Johnson,* 48 F. App'x. 105, 105 (5th Cir. 2002) (same).

With regards to defendant Dr. Padgett the plaintiff alleges that Dr. Padgett failed to provide him with additional treatment after examining him, prescribing medications, and having an x-ray taken which was normal. When determining whether paramedics were deliberately indifferent for failing to provide additional treatment the Fifth Circuit noted,

> "the Dyers' complaint fails to allege facts that plausibly show the Paramedics' deliberate indifference. The thrust of the complaint is that, after examining Graham and observing his head injury and drug-induced behavior, the Paramedics should have provided additional care—such as sending Graham to the hospital, accompanying him to jail, providing "further assessment or monitoring," or sedating him. At most, these are allegations that the Paramedics acted with negligence in not taking further steps to treat Graham after examining him. Our cases have consistently recognized, however, that "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 458–59 (citing *Hare*, 74 F.3d at 645); *see also*, *e.g.*, *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (clarifying that "mere disagreement with one's medical treatment is insufficient to show deliberate indifference"); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (explaining that "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference") (citations omitted). For instance, in *Stewart v. Murphy*, 174 F.3d 530, 533–534 (5th Cir. 1999), we held that a prison physician's failure, among other things, to discover earlier the ulcers that led to a prisoner's death "might constitute negligence, [but] not the requisite deliberate indifference." Finally, with particular salience here, we have long held that "the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment,' " which fails to give rise to a deliberate-indifference claim. *Gobert*, 463 F.3d at 346 (quoting *Domino*, 239 F.3d at 756). Measured against these standards, we cannot say the complaint plausibly states a deliberate-indifference claim against the Paramedics. We therefore affirm the district court's dismissal of those claims." *See Dyer v. Houston*, 964 F.3d 374 (5th Cir. 2020).

Like the plaintiff in Dyer, the plaintiff is not alleging that defendant Dr. Padgett failed to treat him. Rather, the plaintiff is alleging that Dr. Padgett failed to provide him with additional medical treatment. As noted above, defendant Dr. Padgett's decision whether to provide additional treatment is a classic example of a matter for medical judgment which fails to give rise to a deliberate-indifference claim.

To the extent that the plaintiff alleges a violation of his due process rights by defendants Hicks, Pourciau, and Alleman in connection with his administrative remedy proceedings, an inmate

does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

As such, the plaintiff fails to state a claim on which relief may be granted against any defendant in this matter.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, given the Court's recommendations to dismiss the plaintiff's federal claims, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1].

Signed in Baton Rouge, Louisiana, on November 16, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."